UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:14-cr-123-CEH-MAP

ENESHIA CARLYLE
_____/

**ORDER**

This matter comes before the Court on the motion of the Government, on behalf of Director of the Federal Bureau of Prisons, to Reduce Term of Imprisonment to Time Served (Doc. 383), as to Defendant, Eneshia Carlyle. In the motion, the Government states that Defendant has been diagnosed with metastatic stage IV lung cancer, is terminally ill, and has a life expectancy of 12 months or less and an end-of-life trajectory. The Government has provided medical records of Carlyle in support of its motion. *See* Doc. 385-1. The Government seeks a reduction in Defendant Carlyle's sentence to time-served pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The Court, having considered the motion and being fully advised in the premises, will grant the Government's motion.

I.   BACKGROUND

Carlyle, who is now 36 years old, was sentenced on June 30, 2015, to 138 months' imprisonment followed by 3 years of supervised release after pleading guilty to one count of wire fraud (18 U.S.C. §§ 1343 and 2) and one count of aggravated identity theft (18 U.S.C. §§ 1028A and 2). Doc. 189. She is currently incarcerated at

FMC Carswell in Fort Worth, Texas, with an anticipated release date of February 6, 2025. *See* https://www.bop.gov/inmateloc/ (last accessed April 6, 2021).

On March 25, 2021, the Government filed the instant motion on behalf of the Director of the Federal Bureau of Prisons, requesting modification of Carlyle's sentence due to her serious terminal medical condition. Doc. 383. The Court directed the Government to supplement its motion with Carlyle's medical records documenting the conditions raised as a basis to support her compassionate release. On March 30, 2021, the Government filed a motion to file Carlyle's medical records under seal, which the Court granted. Docs. 385, 386. Review of the medical records reveals they support the claimed diagnoses and Carlyle's dire medical condition.

## II.     LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations and citation omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A). Effective December 21, 2018, the First Step Act of 2018 amended section 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release. That provision states:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>
>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. . . .

18 U.S.C. § 3582(c)(1).

### III. DISCUSSION

#### A. Extraordinary and Compelling Reason

"Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved

portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that . . . [e]xtraordinary and compelling reasons warrant the reduction." U.S.S.G. § 1B1.13(1)(A). The sentencing guidelines provide that "extraordinary and compelling reasons exist" for compassionate release when a defendant meets any one of several circumstances. The commentary to § 1B1.13 identifies four categories in which extraordinary and compelling circumstances may exist: (1) the defendant's medical condition; (2) the defendant's advanced age (at least 65 years old); (3) family circumstances; and (4) other reasons. *See* U.S.S.G. § 1B1.13, cmt. n. 1(A)-(D). The Court may grant compassionate release under one or more criteria. *See id.* Pertinent here, the Government contends Carlyle's medical condition constitutes an extraordinary and compelling reason to support her release. The Court agrees.

      According to the Sentencing Commission's policy statement on compassionate release, the "medical condition" of a defendant qualifies as an extraordinary and compelling reason to support a sentence reduction if "[t]he defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia." U.S.S.G. § 1B1.13, cmt. n. 1(A)(i). As noted by the motion, to which there is no opposition, Defendant Carlyle has been diagnosed with metastatic stage IV lung cancer and her only treatment options are palliative at this time. Doc. 383 at 1. Her prognosis is poor,

4

and she is considered to have a terminal condition with a life expectancy of 12 months or less and an end-of-life trajectory. *Id.* at 1–2; *see also* Doc. 385-1. The Court finds Carlyle's grave medical condition, which is documented in her medical records, qualifies as an extraordinary and compelling reason to support a reduction in her sentence. The Government states Carlyle has a release plan to live with her mother, and the plan has been approved by the United States Probation Office for the Middle District of Florida.

B.   **Section 3553 Factors**

Having found that extraordinary and compelling reasons exist for Carlyle's compassionate release, the Court must next consider the factors identified in 18 U.S.C. § 3553(a) to determine whether it can conclude that the "defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3412(g)," U.S.S.G. § 1B1.13(2), and whether a reduction of her sentence is consistent with the Sentencing Commission's policy statements, 18 U.S.C. § 3582(c)(1)(A).

Upon review of the record, having considered the § 3553(a) factors, the Court determines that given Carlyle's terminal medical condition in which she is suffering from stage IV lung cancer, Carlyle is not presently a danger to the safety of any other person or to the community. U.S.S.G. § 1B1.13(2); 18 U.S.C. §3142(g). Defendant Carlyle has served over half of her sentence and thus the time served still reflects the seriousness of her offenses and promotes respect for the law.  Additionally, the Court determines that imposition of the three-year term of supervised release as originally imposed is appropriate as it will afford adequate deterrence and further serve to protect

the public. Although the Court finds Carlyle unlikely to reoffend, a term of supervised release should effectively deter any such risk.

Accordingly, it is hereby

**ORDERED AND ADJUDGED**:

1. The Government's Motion to Reduce Term of Imprisonment to Time Served (Doc. 383) is **GRANTED**.

2. Defendant Eneshia Carlyle's term of imprisonment is reduced to **TIME SERVED**.

3. Defendant Eneshia Carlyle shall be released from the custody of the Federal Bureau of Prisons as soon as her medical condition permits, the release plan is implemented, and necessary travel arrangements can be made.

4. Upon her release from the custody of the Federal Bureau of Prisons, Defendant Eneshia Carlyle shall begin serving the three-year term of supervised release previously imposed.

**DONE AND ORDERED** in Tampa, Florida on April 8, 2021.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties
U.S. Probation